IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRAYAN DE LA CRUZ CUAHUTZIHUA,<br><br>Defendant. | 8:23CR62<br><br>**ORDER** |

    This matter is before the Court on defendant Brayan De La Cruz Cuahutzihua's ("De La Cruz Cuahutzihua") *pro se* motion for a sentence reduction (Filing No. 200) pursuant to 18 U.S.C. § 3582(c)(2). De La Cruz Cuahutzihua seeks relief based on recent amendments to United States Sentencing Guidelines § 4C1.1 for certain zero-point offenders. He asks the Court to "apply [that] reduction to his sentence." He also reports that he has participated in programs to rehabilitate himself and reduce his risk of recidivism.

    This is not De La Cruz Cuahutzihua's first motion based on the amendments to § 4C1.1. On May 19, 2025, De La Cruz Cuahutzihua submitted another motion on those same grounds (Filing No. 195). Though De La Cruz Cuahutzihua likely has not yet received of copy of the Court's Order (Filing No. 199) due to the time it often takes for mail to be received by an inmate, the Court denied that motion on May 29, 2025, because De La Cruz Cuahutzihua is not eligible for the requested relief. In short, he is not a zero-point offender (Filing Nos. 135, 195). That fact warrants denying his current motion as well.

    As for De La Cruz Cuahutzihua's reported participation in Bureau of Prisons programming, the Court commends his efforts. Any sincere effort "to exercise his mind and learn a trade" so that he is "a first time and last time offender" is worthy of praise.

To the extent De La Cruz Cuahutzihua seeks relief under § 3582(c)(1)(A),[1] which allows a prisoner to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons," that relief must also be denied at this time. The Court reminds him that (1) post-sentencing rehabilitation alone cannot "be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t), and (2) a prisoner cannot directly seek relief under § 3582(c)(1)(A) until after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility."

Based on the foregoing,

IT IS ORDERED:

1. Defendant Brayan De La Cruz Cuahutzihua's *pro se* motion for a sentence reduction (Filing No. 200) pursuant to 18 U.S.C. § 3582(c)(2) is denied.
2. The Clerk of Court is directed to send De La Cruz Cuahutzihua a copy of this order at his address of record in the Bureau of Prisons.

Dated this 4th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[1] Though he does not mention that subsection, the Court addresses it out of an abundance of caution.