IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRAYAN DE LA CRUZ CUAHUTZIHUA,<br><br>Defendant. | 8:23CR62<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Brayan De La Cruz Cuahutzihua's ("Cuahutzihua") *pro se* Motion for Writ of Habeas Corpus under 28 U.S.C. § 2255 (Filing No. 214). The government opposes the motion (Filing No. 242). For the reasons stated below, the motion is denied without an evidentiary hearing.

I.  BACKGROUND

On March 21, 2023, a grand jury returned a two-count indictment (Filing No. 1) charging Cuahutzihua and two other men with (1) conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and (2) possessing with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1), 846. Rather than take their chances at trial, *see Brady v. United States*, 397 U.S. 742, 752 (1970) (describing the "mutuality of advantage" of plea bargaining), Cuahutzihua and the government entered into a written plea agreement (Filing No. 115), under which Cuahutzihua pleaded guilty to the conspiracy charge and the government agreed to move to dismiss the possession charge, which it did. In exchange, Cuahutzihua also waived most of his rights to appeal or collaterally attack his sentence.

On August 2, 2024, the Court sentenced Cuahutzihua's to 168 months in prison followed by 5 years of supervised release (Filing No. 137). His final sentence included a

downward variance of 42 months from the bottom of his United States Sentencing Guidelines ("Guidelines") advisory range of 210 to 262 months (level 37, category I). Cuahutzihua did not appeal.

On June 26, 2025, Cuahutzihua timely moved to reduce or vacate his sentence pursuant to § 2255. Although Cuahutzihua's claims tend to intertwine, he formally alleges ineffective assistance of counsel, invalid plea, prosecutorial misconduct, and a violation of the Eighth Amendment to the United States Constitution. He "plead[s] for relief for a Fraudulent Conviction."

The government challenges Cuahutzihua's ineffective-assistance and invalid-plea claims on the merits. It asserts his remaining § 2255 claims are also barred by his broad waiver of his right to seek post-conviction relief in his plea agreement.

## II.   DISCUSSION

### A.   Post-conviction Relief under § 2255

Section 2255(a) authorizes federal prisoners like Cuahutzihua to seek to "vacate, set aside or correct" their sentence if it "was imposed in violation of the Constitution or laws of the United States." *Accord Sorensen v. United States*, 138 F.4th 1096, 1098 (8th Cir. 2025). In making such a collateral attack, Cuahutzihua "bears the burden" of establishing each of his claims. *Robinett v. United States*, 886 F.3d 689, 691 (8th Cir. 2018). Post-conviction relief under § 2255(a) "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Section 2255(b) generally requires the Court to hold an evidentiary hearing before deciding a § 2255 motion. But a hearing is unnecessary where the prisoner's "motion and the files and records of the case conclusively show that [he] is entitled to no relief." *Id.*;

*accord Feather v. United States*, 18 F.4th 982, 989 (8th Cir. 2021) ("[N]o hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." (quoting *New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011))). Such is the case here.

### B. Allegations of Ineffective Assistance, Invalid Plea, and More

Cuahutzihua first alleges his counsel was unconstitutionally ineffective in several respects. *See* U.S. Const. amend VI; *Sorensen*, 138 F.4th at 1098 ("Courts have long recognized that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel."). To prove those claims, he must demonstrate "(1) his attorney's performance was deficient and outside the range of reasonable professional assistance and (2) he was prejudiced by his counsel's deficient performance to the extent that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Sharp v. United States*, 132 F.4th 1094, 1098 (8th Cir. 2025) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 689, 694, (1984) (applying a strong presumption of reasonableness)).

To show prejudice in the context of his guilty plea, Cuahutzihua must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014)). He shows neither deficiency nor prejudice.

As Cuahutzihua sees it, he "was ONLY represented, and NOT defended" by counsel who allegedly only spent about twenty minutes with him and "just asked [him] for more information to take back to the prosecutors." He cryptically says that "vindicating evidence has been quashed to point culpability on [his] name, without any initial understanding in [his] mind, of what [he] should have otherwise[] 'raised' for [his] Right (s) for [his] defense, which was absent." Unfortunately, he does not say much about what that evidence is, who quashed it, and to what effect. *See Hudson v. United States*, 139 F.4th 1011,

1014-15 (8th Cir. 2025) (explaining conclusionary allegations "without factual support do not justify an evidentiary hearing").

He later faults his counsel for failing to move "to suppress any evidence, and force the government to compel any such evidence," which he seems to suggest would have "ILLUSTRATE[D] WHAT [HE] KNEW, OR DID NOT KNOW" about the methamphetamine seized in his case. But again, the claim lacks vital specifics. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (requiring specifics).

What's more, his hazy allegations about his own professed ignorance and his counsel's purported deficiencies contradict the sworn statements he made at his change-of-plea hearing. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (noting "the defendant's representations during the plea-taking carry a strong presumption of verity and pose a" significant barrier to collaterally attacking his plea (quoting *Voytik*, 778 F.2d at 1308)); *United States v. Williams*, 536 F.2d 247, 250 (8th Cir. 1976) (concluding "the district court was not required to conduct an evidentiary hearing on allegations which amounted to no more than a bare contradiction of statements petitioner made when she pled guilty"). Straying from ineffective assistance into new issues that are not cognizable under § 2255 in these circumstances, *see Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993) (per curiam), Cuahutzihua not only questions the sufficiency of the evidence of his mens rea but also states he "did NOT KNOW about any drugs" and therefore could not lawfully be convicted of drug trafficking.[1] According to Cuahutzihua, the government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "by not informing his atty. to inform [him] that they had any evidence for [him] to rebut."

---

[1] For the first time, De La Cruz Cuahutzihua also argues that he cooperated with the drug cartel "to avoid death upon himself." *See Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012) ("[A] petitioner may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction."). Again, he does not raise the issue in terms of ineffective assistance.

In a similar vein, Cuahutzihua dubiously contends neither his guilty plea nor his plea waiver are valid—both prime issues for direct appeal. *See Jones v. Hendrix*, 8 F.4th 683, 687 (8th Cir. 2021), *aff'd*, 599 U.S. 465 (2023) (noting the defendant's obligation under *Bousley v. United States*, 523 U.S. 614, 621-23 (1998), "to raise a challenge to his guilty plea's knowingness and voluntariness on direct appeal in order to raise it under § 2255"). As he sees it, he should have had a binding plea agreement for 135 months imprisonment under Federal Rule of Criminal Procedure 11(c)(1)(C) (making certain plea agreements binding on the Court if it accepts them).

It is not clear whether Cuahutzihua blames his counsel, the government, or both. It really doesn't matter here. *See Bousley*, 523 U.S. at 621 ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984))). A criminal defendant does not have a right to any plea offer, *see Missouri v. Frye*, 566 U.S. 134, 148 (2012) (explaining "a defendant has no right to be offered a plea, nor a federal right that the judge accept it") (internal citation omitted), let alone an extremely favorable "plea agreement of his choosing," *United States v. Williams*, 827 F.3d 1134, 1165 (D.C. Cir. 2016) (per curiam). And his counsel is not necessarily ineffective for failing to obtain one. *See Frye*, 566 U.S. at 145 (holding defense counsel generally "has the duty to communicate formal" plea offers and to advise the defendant whether to accept them but declining "to elaborate or define detailed standards for the proper discharge of defense counsel's participation in the [plea-bargaining] process"); *Lafler v. Cooper*, 566 U.S. 156, 168 (2012) ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."); *Delatorre v. United States*, 847 F.3d 837, 846 (7th Cir. 2017) (explaining a successful plea negotiation involves factors beyond counsel's control, including client cooperation and the prosecutor's willingness to make a plea offer); *Beans v. Black*, 757 F.2d 933, 936 (8th Cir. 1985) (clarifying that defense counsel had no "duty to attempt to force" the government to change its position on a plea).

At any rate, Cuahutzihua has done nothing to show his preferred Rule 11(c)(1)(C) plea deal was a reasonably probable outcome in this case. *See Strickland*, 466 U.S. at 694; *Ramirez v. United States*, 751 F.3d 604, 608 (8th Cir. 2014). That is fatal to any such ineffective-assistance claim. *See Springs v. Payne*, 95 F.4th 596, 601 (8th Cir. 2024) (explaining *Strickland* prejudice "requires a 'substantial, not just conceivable' likelihood of a different result" (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011))).

Cuahutzihua next asserts that he pleaded guilty "under threat, duress, coercion, and confusion." He states he relented only "to avoid the threat . . . that they would 'throw' [his] life[] in jail if [he] did not plead to their contorted packs of lies, so consequently the plea became a model for extortion and abominable conduct by the prosecutors." Suggesting—without evidence—that his counsel was in cahoots with the government, Cuahutzihua contends his counsel simply told him to "sign this piece of paper, and cooperate and everything is taken care of" without ever explaining anything to him. He accuses his counsel of joining with prosecutors to get a "quick conviction, for another financial, commercial victory for them."

The argument is without merit. Cuahutzihua's current description of his situation bears no resemblance to the one the Court observed as his case progressed. His unfounded allegations flatly contradict his own sworn statements from his change-of-plea hearing. *See Nguyen*, 114 F.3d at 703. Before accepting Cuahutzihua's guilty plea, the Court thoroughly discussed with him his counsel's performance, his understanding of the charges against him and the penalties he faced, the rights he was voluntarily giving up by pleading guilty, and the admitted factual basis for his guilty plea.

He knowingly and voluntarily stated he understood what he was giving up and what he had to gain. He disclaimed having "any complaints about [his counsel] or her legal representation" and stated she answered all of his questions about his plea agreement. When asked whether "anyone made any threats or promises to get" him to plead guilty, he said, "No." He pleaded guilty under his "own free will."

In hindsight, Cuahutzihua may not like the 168-month sentence he received. But it is well within the statutory sentencing range of ten years to life and well below the advisory Guidelines range of 210 to 262 months that apply to the conspiracy charge to which he knowingly and voluntarily pleaded guilty. The Court is not willing to ignore his guilty plea and write off all the hard work done in this case across the board based on little more than factually unsupported *post-hoc* regrets. *See Lee v. United States*, 582 U.S. 357, 369 (2017) (telling courts not to "upset a plea solely because of *post hoc* assertions from a defendant" but to "instead look to contemporaneous evidence to substantiate" the defendant's preferences); *Meza-Lopez*, 929 F.3d at 1045-46 (looking to contemporaneous evidence in assessing *Strickland* prejudice).

### C. Allegations of Prosecutorial Misconduct

In addition to his scattered allegations of quashed evidence, *Brady* violations, insufficient proof, and "extortion and abominable conduct by the prosecutors," Cuahutzihua asserts a separate claim for prosecutorial misconduct. Yet even if he could overcome the express plea and post-conviction waivers in his plea agreement and his concomitant failure to raise these issues sooner, *see United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010) ("Claims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion."), his nebulous prosecutorial-misconduct claim would still fail.

Cuahutzihua acknowledges "the government may prosecute with earnest and vigor." *See*, *e.g.*, *United States v. Bussey*, 942 F.2d 1241, 1253 (8th Cir. 1991) (concluding the prosecutor's "vigorous advocacy" was not improper). But, he says, quoting *Berger v. United States*, 295 U.S. 78, 88 (1935),

> while [the prosecutor] may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

(Cuahutzihua's alteration). The problem for Cuahutzihua is that he has not established any "foul" blows or "improper methods" in his case. *See Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018) (stating "a movant bears the burden of showing that he is entitled to relief under § 2255"). Again, he complains of his counsel discussing his case with the prosecutors, but that was her job, especially as she was trying to negotiate his plea agreement. *See Lee*, 582 U.S. at 363.

He also complains that the government deprived him of his rights to a trial by jury and to testify and explain his state of mind so it could convict him of a crime he did not commit. However, he knowingly and voluntarily gave up those rights as part of his plea agreement—an agreement that resulted in the government dismissing a possession charge that exposed Cuahutzihua to an additional ten years to life in prison. *See* 21 U.S.C. § 841(a)(1), (b)(1); *cf. United States v. Muratella*, 843 F.3d 780, 783 (8th Cir. 2016) (concluding the defendant's knowing and intelligent plea waived any vindictive-prosecution claim); *United States v. Downey*, 783 F. App'x 642, 643 (8th Cir. 2019) (unpublished per curiam) (rejecting a prosecutorial-misconduct argument where the defendant's assertions amounted "to a version of his position that he is innocent, and [were] contradicted by his plea admissions").

### D.    Allegations of an Eighth Amendment Violation

Cuahutzihua last argues his sentence violates the Eighth Amendment. At heart, that amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.

Yet, Cuahutzihua does not exactly frame his claim in those cardinal terms. Instead, he insists "MITIGATING CIRCUMSTANCES ARE PERVASIVE." Citing the sentencing factors in 18 U.S.C. § 3553(a), he states he is a non-violent offender in a low-level drug case. He again questions the evidence against him and suggests his "Psychiatric Historical Records will prove" the "Manifest Injustice in this instance."

But, as the government aptly points out, Cuahutzihua does not provide any such records in support of his motion "and the record reflects none." When he changed his plea, Cuahutzihua denied any prior treatment "for any type of mental health condition" and said he did not have any medical condition "that might affect [his] decision-making." Nor did he mention it at allocution. As for any other mitigating factors, the Court fully accounted for them by varying down 42 months when imposing his sentence.[2]

In any event, the Eighth Amendment is not fertile grounds for sentencing relief in this case.

### E. No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), Cuahutzihua cannot appeal the Court's denial of his request for post-conviction relief unless the Court issues a certificate of appealability. *Accord* Fed. R. App. P. 22(b)(1). The Court can only issue a certificate "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Cuahutzihua "must demonstrate that reasonable jurists would find the [Court's] assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds he has not made that showing.

## III. CONCLUSION

Having carefully reviewed Cuahutzihua's motion, exhibits, "and the files and records" in this case, the Court finds they "conclusively show that" he is not entitled to any relief. 28 U.S.C. § 2255(b). Accordingly,

---

[2] Beyond the lack of support for any Eighth Amendment claim, Cuahutzihua again fails to explain how he can surmount his waiver. Another difficulty "is that this argument was never made until the commencement of the present collateral attack." *United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995). He did not make it at the time of sentencing or "on direct appeal from his sentence." *See id.* ("Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal.").

IT IS ORDERED:

1. Defendant Brayan De La Cruz Cuahutzihua's *pro se* Motion for Writ of Habeas Corpus under 28 U.S.C § 2255 (Filing No. 214) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered in accordance with this Memorandum and Order.
4. The Clerk of Court shall mail a copy of this Memorandum and Order and the Judgment to Cuahutzihua at the address of record for his current place of incarceration.

Dated this 8th day of October 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge